IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE CHARITY, | : |
|       Plaintiff | |
|       v. | : Civil Action No. 03- |
| | |
| MONTGOMERY COUNTY, | : JURY TRIAL DEMANDED |
| DET. EDWARD KROPP and | |
| OFFICER(S) DOE, | : |
| Individually as police officers and officials | |
| of Montgomery County, | : |
| c/o One Montgomery Plaza | |
|   Norristown, PA 19401; | : |
| TROOPER GREGORY CARRION and | |
| PENNSYLVANIA STATE TROOPER(S) ROE, | : |
| Individually as officers of the | |
| Pennsylvania State Police, | : |
|   c/o Troop K: Fugitive Task Force | |
|     1342 W. Baltimore Pike | : |
|     Media, PA 19063 | |
|          Defendants | : |

**COMPLAINT**
**Jurisdiction**

1. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §1331 and 1334(1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to adjudicate state law claims.

**Parties**

2. Plaintiff Anne Charity, at all times relevant to this action, resided in the Eastern District of Pennsylvania.

3. Defendant Montgomery County is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Montgomery County Police Department which employees Defendants Kropp and Doe(s).

4. Defendants Kropp and Officer(s) Doe(s) are and were at all times relevant to this action police officers and officials for Montgomery County and acting under color of state law.  They are being sued in their individual capacities.

5. Defendants Carrion and Officer(s) Roe(s) are and were at all times relevant to this action officers and officials for the Pennsylvania State Police and acting under color of state law.  They are being sued in their individual capacities.

6. At all relevant times, the actions and conduct of Defendants Kropp, Doe(s), Carrion and Roe(s)(hereinafter the "defendant officers") were in concert and were part of a conspiracy to improperly detain and search Plaintiff and her domicile and to otherwise deprive Plaintiff of her constitutional and statutory rights.

**Facts**

7. On or before April 10, 2003, the defendant officers obtained a search warrant for 229 W. Upsal Street, Apartment 316 in Philadelphia and/or an arrest warrant for Francisco Rodriguez to be executed at 229 W. Upsal Street, Apartment 316 in Philadelphia.

8. On April 10, 2003, the defendant officers, acting jointly, severally and/or in concert, executed the search warrant and/or arrest warrant at 229 W. Upsal Street, Apartment 316 in Philadelphia based on inadequate and stale information that Mr. Rodriguez, contraband, or evidence of a crime would be found at that location on April 10, 2003

9. Plaintiff was asleep inside her residence at 229 W. Upsal Street, Apartment 316 in Philadelphia on April 10, 2003, at about 8:50 A.M., when the defendant officers, without cause

or justification, entered the premises and detained, searched, threatened, and verbally abused Plaintiff.

10. The defendant officers asserted their authority to act under color of law.

11. The defendant officers entered Plaintiff's domicile pursuant to a search warrant and/or arrest warrant that issued on the basis of material misrepresentations as to whether Mr. Rodriguez, contraband, or evidence of a crime would be found at 229 W. Upsal Street, Apartment 316, on April 10, 2003.

12. The defendant officers did not have probable cause or any lawful basis to enter the premises to execute a search warrant and/or arrest warrant.

13. The defendant officers, without cause or justification, failed to comply with the requirements of the knock and announce rule and, instead, gained entry by force, threats and/or subterfuge.

14. The defendant officers, improperly and without cause or justification, prevented Plaintiff, who was clad only in a nightshirt, from getting dressed.

15. The actions and conduct of the defendant officers were undertaken, at least in part, in retaliation for Plaintiff's verbal protest of the treatment to which she was being subjected by the officers.

16. The defendant officers lacked jurisdiction to execute the search warrant and/or arrest warrant at Plaintiff's domicile.

17. After detaining Plaintiff and searching her home, the defendant officers left the scene. Plaintiff was not charged with the commission of any criminal offenses. No persons inside the premises were arrested nor was any property removed by the defendant officers.

18. Plaintiff did not commit any offense against the laws of the Commonwealth of Pennsylvania, Montgomery County or Philadelphia County for which an arrest, detention or

search may be lawfully made or engage in any conduct which justified the actions of all Defendants.

19. As a direct and proximate result of the actions of all Defendants, Plaintiff sustained pain, suffering, loss of liberty, psychological harm and emotional distress, some or all of which may be permanent, as well as financial loss.

20. The defendant officers knew that they were without authority to arrest, detain, and search Plaintiff or her property.

21. The defendant officers acted willfully, deliberately, maliciously or with reckless disregard of Plaintiff's constitutional and statutory rights.

22. The defendant officers engaged in the above conduct for the purpose of violating Plaintiff's constitutional rights by subjecting Plaintiff to an unreasonable search and seizure, depriving Plaintiff of property and liberty without due process of law, depriving Plaintiff of due process and equal protection, retaliating against Plaintiff for the exercise of protected First Amendment rights, and unlawfully detaining Plaintiff.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

23. The allegation set forth in paragraphs 1-22 of this complaint are incorporated herein.

24. As a direct and proximate result of all Defendants' actions and conduct, committed under color of state law, Defendants deprived Plaintiff of her rights, privileges and immunities under the laws and the Constitution of the United States including Plaintiff's right to be free from unreasonable searches and seizures, unlawful detention, verbal abuse, to be secure in her person and property and to due process and equal protection of law.  As a result, Plaintiff suffered and continues to suffer harm in violation of her rights under the First, Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

25. As a direct and proximate result of the actions and conduct of all Defendants, Plaintiff endured pain, suffering, emotional harm and financial losses, and was deprived of liberty and property, all to Plaintiff's detriment and loss.

26. Montgomery County has encouraged, tolerated, ratified, and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of :

   a. The abuse of police powers, including but not limited to unlawful detentions, false arrests, improper searches and seizures, and improper execution of search warrants and arrest warrants;

   b. The establishment of polices and procedures regarding the preparation of search warrants and arrest warrants, the need for accurate and current information regarding the whereabouts of persons sought in connection with such warrants prior to their execution, the use of informants, proper surveillance procedures, the manner in which search warrants and arrest warrants are executed, and the searches of domiciles under such circumstances as presented herein;

   c. The failure of police officers to follow established polices and procedures regarding the preparation of search warrants and arrest warrants, the need for accurate and current information regarding the whereabouts of persons sought in connection with such warrants prior to their execution, the use of informants, proper surveillance procedures, the manner in which search warrants and arrest warrants are executed, and the searches of homes under such circumstances as presented herein;

   d. The failure of the Montgomery Police Department to maintain proper records regarding efforts by their employees to execute search warrants and arrest warrants so that:
i) employees of Montgomery County, including the defendant officers in this case, can be properly trained, supervised and disciplined for conduct related to performance of their duties;

ii) Montgomery County can properly monitor the conduct and performance of their employees to assure compliance with the laws and Constitutions of the United States and the Commonwealth of Pennsylvania; and

iii) citizens such as Plaintiff can determine the identities of those employees who subject them to constitutional violations under such circumstances as present herein and thereby seek vindication of their constitutional and statutory rights;

   e. The failure of police officers to prevent, deter, report or take action against the unlawful conduct of other officers under such circumstances as presented herein.

27. Montgomery County failed to properly sanction or discipline officers, who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other police officer, thereby cause and encouraging police, including the defendant officers in this case, to violate the rights of citizens such as Plaintiff.

28. By these actions, all Defendants, acting jointly, severally and/or in concert, have deprived Plaintiff of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## STATE LAW CLAIMS

29. The allegations set forth in paragraphs 1-28 of this complaint are incorporated herein.

30. The acts and conduct of the individual Defendants alleged in the above cause of action constitute false imprisonment, intentional infliction of emotional distress, trespass, interference with state constitutional rights, negligence, gross negligence, and negligent hiring, training, retention and supervision under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    a.  Compensatory damages as to all Defendants;

    b.  Punitive damages as to the individual Defendants;

    c.  Reasonable attorney's fees and costs as to all Defendants;

    d.  Such other and further relief as appears reasonable and just; and

    e.  Plaintiff demands a jury trial as to each Defendant and as to each count.

_____
Paul Messing
Attorney ID No. 17749
KAIRYS, RUDOVSKY, EPSTEIN & MESSING
924 Cherry Street, Suite 500
Philadelphia, PA 19107
(215) 925-4400

Counsel for Plaintiff